Hon. Frederick D. Dugan Judge, Yates County Family Court
This is in response to your letter, wherein you state that you have received a petition from a young man and woman, both seventeen years of age, seeking permission to marry. The parents of the girl have consented to the marriage; a law guardian has been appointed for both the young man and young woman. The young man's natural mother (his father is dead) has appeared and has raised an objection to allowing the two young people to marry. Based upon the petition of the two parties, it appears that the young woman is four months pregnant.
The law guardians for the young man and woman have raised the question as to whether the Family Court, or for that matter, the County Court, has jurisdiction to entertain such an application under the Domestic Relations Law. You are familiar with 1976 Atty Gen [Inf Opns] 219, relating to section 11 (5) of the Domestic Relations Law, and ask our opinion as to whether section 15 of the Domestic Relations Law requires the written consent of the parents of a child under the age of eighteen and over the age of sixteen or whether the Court can, in the best interests of children, authorize the issuance of a license.
Section 13 of the Domestic Relations Law provides, in part, that "It shall be necessary for all persons intended to be married in New York State to obtain a marriage license from a town or city clerk in New York State * * * before the marriage ceremony may be performed." Section 15 of said law relates to the duties of town and city clerks with respect to the application for, and issuance of, a marriage license. Insofar as relevant to the present inquiry, section 15 of the Domestic Relations Law provides:
 "2. * * * If it shall appear upon an application of the applicants as provided in this section or upon information required by the clerk that the man is under eighteen years of age and is not under sixteen years of age, or that the woman is under the age of eighteen years and is not under fourteen years of age, then the town or city clerk before he shall issue a license shall require the written consent to the marriage from both parents of the minor or minors or such as shall then be living. * * * The parents, guardians, or other persons whose consent it shall be necessary to obtain and file with the town or city clerk before the license shall issue, shall personally appear and acknowledge or execute the same before the town or city clerk, or some other officer authorized to administer oaths and take acknowledgements * * *.
 "3. If it shall appear upon an application for a marriage license that the woman is under the age of sixteen years and is not under fourteen years of age, the town or city clerk shall require, in addition to the consents provided in this section, the written approval and consent of a justice of the supreme court or of a judge of the family court, having jurisdiction over the town or city in which the application is made, to be attached to or endorsed upon the application, before the license is issued. * * * Any town or city clerk who shall issue a license to marry any persons one or both of whom shall not be at the time of the marriage under such license legally competent to marry without first requiring the parties to such marriage to make such affidavits and statements or who shall not require the production of documentary proof of age or the procuring of the approval and consents provided for by this article, which shall show that the parties authorized by said license to be married are legally competent to marry, shall be guilty of a misdemeanor and on conviction thereof shall be fined in the sum of one hundred dollars for each and every offense. * * *" (Emphasis supplied.)
By its plain language, the Domestic Relations Law does not require judicial approval and consent for a seventeen-year-old woman to wed. The requirement of judicial approval and consent in subdivision 3 is separate and distinct from the broader requirement of parental consent in subdivision 2. Where applicable, the judicial approval and consent is "in addition to" the mandated parental consent, and the two operate in the conjunctive. The specific statutory limitation by age is a limitation of subject-matter jurisdiction.
In the present situation, no judicial approval and consent is necessary. Since the Family Court has no subject-matter jurisdiction as a result of the minor female's age, there is no statutory authority or necessity for the Court to approve and consent to the issuance of a marriage license. Moreover, since the young man's mother refused to consent to his marriage, no marriage license can be issued (Domestic Relations Law, § 15), and a marriage may not, therefore, be performed in this State (Domestic Relations Law, § 13).
From the foregoing, it is our opinion that: (1) to obtain a marriage license, written parental consent is required when the man is under eighteen years of age and is not under sixteen years of age, or when the woman is under the age of eighteen years and is not under fourteen years of age; (2) a woman seventeen years of age does not need judicial approval and consent to wed, and there is no statutory necessity for a judge of the Family Court to approve and consent to the issuance of a marriage license for a seventeen-year-old woman; and (3) unless a minor's parents given written consent to the minor's marriage, a marriage license may not be issued and a marriage of the minor may not be performed in this State.